UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASPER BAILEY, G60744,<br><br>Petitioner,<br><br>v.<br><br>C. KOENIG, Warden,<br><br>Respondent. | Case No. 20-cv-04428-CRB (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 2, 4 & 5) |

**I.**

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California pursuant to a 2009 criminal judgment from Santa Clara County Superior Court, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the state courts' recent denial of his motion for DNA testing pursuant to California Penal Code § 1405. Petitioner also seeks leave to proceed in forma pauperis (IFP) and appointment of counsel.

Based solely on petitioner's affidavit of poverty, his application for leave to proceed IFP (ECF Nos. 2 & 5) is GRANTED.

**II.**

Federal law opens two main avenues to relief on claims related to imprisonment: a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and a complaint for violation of federal civil rights under 42 U.S.C. § 1983. Hill v. McDonough, 547 U.S. 573, 579 (2006). Habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release from confinement." Skinner v. Switzer, 562 U.S. 521, 525 (2011) (citation and internal quotation marks omitted). Where the prisoner's claim "would not necessarily spell speedier release, however, suit may be brought under § 1983." Id. (citation and internal quotation marks omitted). In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas

corpus.'" Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)).

Here, petitioner challenges the state courts' recent denial of his motion for DNA testing of "potentially exculpatory evidence" under California Penal Code § 1405. Pet. (ECF No. 1) at 7. But success on petitioner's challenge would not necessarily lead to his immediate or earlier release from confinement. See Skinner, 562 U.S. at 534 ("Success in . . . suit for DNA testing would not 'necessarily imply' the invalidity of [underlying] conviction."). While the test results petitioner seeks "might prove exculpatory, that outcome is hardly inevitable;" the results "might prove inconclusive or they may further incriminate [him]." Id. Put simply, petitioner's challenge of the state courts' denial of his motion for DNA testing does not fall within the "core of habeas corpus" and consequently "must be brought, if at all, under § 1983." Nettles, 830 F.3d at 934 (citations and internal quotation marks omitted).

### III.

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the state courts' denial of petitioner's motion for DNA testing pursuant to California Penal Code § 1405 is DISMISSED without prejudice to bringing a civil rights complaint under 42 U.S.C. § 1983,[1] and the motion for appointment of counsel (ECF No. 4) is DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

---

[1] Petitioner is advised that the Supreme Court has "severely limit[ed] the federal action a state prisoner may bring for DNA testing." Skinner, 562 U.S. at 525. In District Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52 (2009), the Court rejected the extension of substantive due process to this area and left slim room for the prisoner to show that the governing state law denies him procedural due process. Skinner, 562 U.S. at 525 (citing Osborne, 557 U.S. at 71, 72). The Ninth Circuit since has permitted a state prisoner to proceed with a § 1983 action seeking to invalidate California Penal Code § 1405 (or portions thereof) on federal procedural due process grounds, see Morrison v. Peterson, 809 F.3d 1059, 1069-70 (9th Cir. 2015), but not with a § 1983 action simply seeking relief from the state court's determination that the prisoner is not entitled to DNA testing under § 1405, see Cooper v. Ramos, 704 F.3d 772, 775, 777-81 (9th Cir. 2012) (finding Rooker-Feldman doctrine bars federal relief from state court's determination in DNA proceeding).

United States District Court
Northern District of California

1   correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

2   **IT IS SO ORDERED**.

3   Dated: December 4, 2020

_____
CHARLES R. BREYER
United States District Judge